■ In the Matter of RESIDENTS FOR THE FUTURE OF BRIARCLIFF MANOR, INC., et al., Appellants, v VILLAGE OF BRIARCLIFF MANOR BOARD OF TRUSTEES et al., Appellants, and TARA CIRCLE, INC., Intervenor-Respondent. [657 NYS2d 95] —In a consolidated hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Briarcliff Manor, dated November 3, 1994, which granted a special use permit to the intervenor, and an action for a judgment, *inter alia,* declaring that the findings and determination of the Board of Trustees are null and void, (1) the petitioners appeal (a) from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), entered January 17, 1996, which denied the petition, and (b), as limited by their brief, from so much of an order of the same court, dated February 22, 1996, as denied those branches of their motion which were to dismiss Tara Circle, Inc., as an intervenor-respondent and to authorize further discovery, and (2) the Board of Trustees of the Village of Briarcliff Manor separately appeals from the judgment entered January 17, 1996.

Ordered that the appeal by the Board of Trustees of the Village of Briarcliff Manor from the judgment entered January 17, 1996, is dismissed, on the ground that it is not aggrieved thereby (CPLR 5511); and it is further,

Ordered that the judgment entered January 17, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from the order entered February 22, 1996, is dismissed, on the ground that no appeal lies as of right from an order entered in a CPLR article 78 proceeding (*see,* CPLR 5701 [b] [1]) and leave has not been granted; and it is further,

Ordered that the intervenor-respondent is awarded one bill of costs.

The intervenor-respondent Tara Circle, Inc. (hereinafter Tara), is a not-for-profit corporation organized, *inter alia,* to promote Irish culture, education, and history. It seeks to operate an Irish cultural center on a 58-acre site within the Village of Briarcliff Manor in Westchester County. The parcel in question was formerly part of the 83-acre campus of The King's College, which closed sometime after 1994. The parcel is in a residentially-zoned district, and the intervenor applied for a special use permit under the Village of Briarcliff Manor Zoning Ordinance. With the exception of the construction of a 3,400-square-foot locker room, Tara essentially sought to utilize buildings that were already on the site.

After the preparation of a Draft Environmental Impact Statement and a Final Environmental Impact Statement, the respondent Board of Trustees of the Village of Briarcliff Manor (hereinafter the Board) denied the application. In its statement of findings, the Board concluded that there were areas of environmental impact that had not been properly minimized. Specifically, the Board found that Tara's athletic schedule was "too ambitious" and would generate "unacceptable noise and traffic impacts in the Village". In response, Tara amended its special use permit application, and, among other things, agreed to limit its on-site athletic use by eliminating men's league Gaelic football and by reducing the number of women's and minor league games. Additionally, Tara eliminated its proposal for dining facilities in a former Academic/Science building, reduced the seating of its proposed membership banquet facility, and scaled back the hours of operation of that facility. The total number of parking spaces on the site was reduced, the total on-site population cap was reduced, and the intervenor abandoned plans to construct the 3,400-square-foot locker room. Based on these amendments, the Board granted the special use permit.

The petitioners commenced this CPLR article 78 proceeding to annul the permit. The petitioners were joined in challenging the permit by the Board, which, because of an election, is composed of different individuals from the Board which issued the permit, and it took the position that the special use permit

had been granted in error. The Supreme Court dismissed the proceeding and we affirm.

It is well settled that a court will not substitute its judgment for an administrative agency unless the agency has acted in a manner that is irrational, arbitrary, capricious, or illegal (CPLR 7803 [3]; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Koncelik v Planning Bd.,* 188 AD2d 469, 470; *see also, Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24). On the current record, we cannot say that the decision of the Board to grant the special use permit was arbitrary or otherwise improper. Tara substantially scaled back its proposal, and it cannot be said that the Board's ultimate determination was irrational.

The petitioners have not sought leave to appeal the order entered February 22, 1996, and we decline to deem their notice of appeal an application for leave to appeal (*see,* CPLR 5701 [b] [1]; [c]). Moreover, the Board is not aggrieved by the denial of a petition to annul a permit which it issued.

The remaining arguments made by the petitioners are without merit (*see, Matter of Hallenbeck v Onondaga County Resource Recovery Agency,* 225 AD2d 1036; *Coalition for Responsible Planning v Koch,* 148 AD2d 230; *Forward v Webster Cent. School Dist.,* 136 AD2d 277, 280). Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.