■ ARTISAN STAINLESS SPECIALTIES, INC., Respondent, v BROADWAY EQUITIES, Appellant. [741 NYS2d 566] —In an action to recover damages for breach of contract and unjust enrichment, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated November 1, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1988 and 1989 the plaintiff loaned the defendant various sums of money totalling $903,973. By October 1991 the defendant had paid back a sum exceeding that amount. It is undisputed that the defendant made no further payments after October 1991.

The plaintiff commenced this action on September 7, 2000, by service of a summons and complaint, to compel payment of the alleged unpaid debt. In response, the defendant answered and asserted, inter alia, as an affirmative defense, that the action was barred by the applicable statute of limitations (*see* CPLR 213).

The defendant's motion to dismiss, on the ground that this action was time barred pursuant to the applicable statute of limitations, should have been granted. In response to the defendant's showing that it made no payments towards the loan since October 1991, the plaintiff merely offered the bare conclusory allegations of its principal that the defendant had continuously acknowledged the loan, together with, inter alia, copies of the defendant's tax returns from 1990 through 1998. The tax returns do not show the existence of a loan by the plaintiff and/or any money due it. Even together with the bare allegations of the plaintiff's principal, the tax returns were insufficient to fulfill the requirement of a written acknowledgment of the loans claimed by the plaintiff so as to take the action out of the operation of the statute of limitations (*see* CPLR 213; General Obligations Law § 17-101; *cf. Manchester v Braedner,* 107 NY 346; *Anonymous v Anonymous,* 172 AD2d 285).

In light of our determination, we need not reach the plaintiff's remaining contention. Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.