■ BROADWAY EQUITIES, Plaintiff, v METROPOLITAN ELECTRIC MANUFACTURING COMPANY, Appellant. LOUIS SILVESTRE, Nonparty Appellant; MINTZ, LEVIN, COHEN, FERRIS, GLOVSKY & POPEO, P.C., Nonparty Respondent. [763 NYS2d 830] —In an action, inter alia, to recover on a debt, the defendant, Metropolitan Electric Manufacturing Company, and the nonparty Louis Silvestre appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated September 10, 2001, as granted the defendant's motion to compel Louis Silvestre, in his capacity as acting President of the defendant, to pay certain legal fees allegedly incurred on behalf of the defendant, and denied that branch of Silvestre's cross motion which was to disqualify the law firm of Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., from representing the defendant.

Ordered that the appeal by the defendant, Metropolitan Electric Manufacturing Company, is dismissed; and it is further,

Ordered that the appeal by the nonparty Louis Silvestre from so much of the order as granted the defendant's motion to

compel him, in his capacity as acting President of the defendant, to pay certain legal fees is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the nonparty respondent is awarded one bill of costs.

This appeal is one of several that have arisen from a bitter dispute between competing family factions over certain corporate holdings established by now-deceased brothers, James Shelley and Joseph Shelley (*see Artisan Stainless Specialties v Broadway Equities,* 294 AD2d 385 [2002]; *Shelley v Shelley,* 299 AD2d 405 [2002]; *Shelley v Dixon Equities,* 300 AD2d 566 [2002]). In this case, the defendant, Metropolitan Electric Manufacturing Company (hereinafter MEMCO), ownership of which is reportedly equally split between the factions, was sued by the plaintiff, Broadway Equities, to recover more than $1,800,000 in alleged loans. Broadway Equities reportedly is controlled by the James Shelley faction. Concerned that this action was improperly being used by the James Shelley faction to the detriment of the Joseph Shelley faction, and that MEMCO was not being adequately represented, members of the Joseph Shelley faction successfully moved for permission to retain counsel to defend MEMCO at corporate expense. When Louis Silvestre, acting President of MEMCO and a member of the James Shelley faction by marriage, refused to pay legal fees allegedly owed to Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. (hereinafter the Mintz Firm), for services rendered on behalf of MEMCO, MEMCO moved to compel Silvestre to pay the outstanding fees from MEMCO funds. The Supreme Court granted the motion, and also denied Silvestri's independent cross motion, made by his attorney, inter alia, to disqualify the Mintz Firm, resulting in this appeal by MEMCO and Silvestre.

Silvestre, in his capacity as acting President of MEMCO, was ordered to approve payment of legal fees out of MEMCO funds. He is not personally aggrieved, and thus he is not a proper appellant (*see Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]; *Katz v Katz,* 279 AD2d 454 [2001]; *Warm v State of New York,* 265 AD2d 546 [1999]; *see also Matter of Lee,* 294 AD2d 366 [2002]). Therefore, his appeal from so much of the order as directed him to approve payment of legal fees out of MEMCO funds must be dismissed.

Silvestre lacks standing to seek the disqualification of the Mintz Firm, and therefore that branch of his cross motion which sought its disqualification was properly denied (*see Ogil-*

*vie v McDonald's Corp.,* 294 AD2d 550 [2002]; *Vanarthros v St. Francis Hosp.,* 234 AD2d 450 [1996]).

MEMCO is not aggrieved by the portion of the order directing the payment of legal fees, as it was MEMCO which moved for the relief granted by the order appealed from. A party that prevails is not aggrieved (*see T.D. v New York State Off. of Mental Health,* 91 NY2d 860 [1997]; *LoCiciro v Metropolitan Transp. Auth.,* 276 AD2d 755 [2000]; *Roebuck v Roebuck,* 35 AD2d 714 [1970]). While the James Shelley faction may perceive itself as being aggrieved by the order, MEMCO is an independent corporate entity. MEMCO moved for relief which was granted, and thus MEMCO's appeal must be dismissed (*see Matter of Residents for Future of Briarcliff Manor v Village of Briarcliff Manor Bd. of Trustees,* 239 AD2d 350 [1997]). Further, MEMCO is not aggrieved by the denial of the application to disqualify the Mintz Firm, as MEMCO never joined in Silvestre's cross motion (*see Monroe v Consolidated Edison Co. of N.Y.,* 281 AD2d 605 [2001]; *Papa v Regan,* 256 AD2d 452 [1998]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.