■ HAROLD SIEGEL, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER, Defendant and Third-Party Plaintiff, et al., Defendant. FLORA L. SCHMIDT, Third-Party Defendant-Respondent. [766 NYS2d 118] —In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated January 22, 2003, as granted that branch of the motion of the third-party defendant Flora L. Schmidt which was to dismiss the third-party complaint insofar as asserted against her.

Ordered that the appeal is dismissed, with costs.

In 1994 the plaintiff, Harold Siegel (hereinafter Siegel), commenced the main action to recover damages for personal injuries and the wrongful death of his 33-year-old daughter, Anita, who allegedly received an incorrect intravenous solution while she was a patient at the Long Island Jewish Medical Center (hereinafter LIJ) in 1993. Siegel alleged that a nurse employed by LIJ delivered a 3.0% saline solution, instead of a 0.3% solution, to a private-duty nurse, Florence Fraser, who administered the medication to Anita. In 1998 LIJ sought indemnification and contribution from Fraser and a second private-duty nurse, Flora Schmidt, who relieved Fraser and allegedly continued to administer the wrong saline solution to Anita.

Although Siegel and LIJ executed a stipulation of partial settlement, they expressly reserved Siegel's claim against LIJ for the failure to supervise the private-duty nurses and mutually promised to vigorously pursue Siegel's claim against

Fraser, as well as LIJ's claims against Fraser and Schmidt. When Schmidt moved, inter alia, to dismiss the third-party complaint insofar as asserted against her, Siegel, LIJ, and Fraser opposed the motion. The Supreme Court granted that branch of Schmidt's motion which was to dismiss the third-party complaint of LIJ insofar as asserted against her. Siegel is the only party who appealed from the order.

The appeal must be dismissed on the ground that Siegel is not an "aggrieved party" within the meaning of CPLR 5511 with standing to challenge the dismissal of the claim by LIJ for indemnification and contribution against the third-party defendant Schmidt (*see D'Ambrosio v City of New York,* 55 NY2d 454, 459-460 [1982]; *Baca v HRH Constr. Corp.,* 200 AD2d 538 [1994]; *Rogers v Huggins,* 106 AD2d 621 [1984]). Altman, J.P., Smith, Friedmann and Crane, JJ., concur.