In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated August 16, 2002, as, upon granting that branch of his motion which was for summary judgment on the issue of liability, held that he would be required to prove that he sustained a serious injury within the meaning of Insurance Law § 5102 against the defaulting defendant, Jon Friedson, and denied his cross motion to disqualify the law firm of Brand & Brand from jointly representing the defendants.
Ordered that the order is affirmed insofar as appealed from, with costs.
The granting of an unopposed motion for summary judgment in favor of the plaintiff on the issue of liability in a no-fault action to recover damages for personal injuries does not automati *503 cally include a determination that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Zecca v Riccardelli, 293 AD2d 31 [2002]; but see Porter v SPD Trucking, 284 AD2d 181 [2001]). Therefore, the Supreme Court correctly held that the plaintiff would be required to prove that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) at his inquest against the defaulting defendant, Jon Friedson.
Since the plaintiff was neither a former nor present client of the law firm of Brand & Brand, he did not have standing to seek its disqualification from dual representation of the two defendants (see Broadway Equities v 'Metropolitan Elec. Mfg. Co., 306 AD2d 426 [2003]; Ogilvie v McDonald’s Corp., 294 AD2d 550 [2002]).
The plaintiffs remaining contentions are without merit. Altman, J.E, S. Miller, McGinity, Adams and Mastro, JJ., concur.