■ KRISTEN CAROLLO, Respondents, v NORTHERN WESTCHESTER HOSPITAL CENTER et al., Defendants, and DAVID ENNIS, Appellant. [773 NYS2d 606]—

In an action to recover damages for medical malpractice, etc., the defendant David Ennis appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 31, 2003, which granted the plaintiffs' motion for leave to serve an amended complaint and supplemental summons adding David T. Ennis, M.D., P.C., as a defendant in the action.

Ordered that the appeal is dismissed, with costs.

The plaintiffs brought this action on September 24, 2001, seeking damages, inter alia, for medical malpractice and wrongful death. On January 15, 2003, the plaintiffs moved for leave to add David T. Ennis, M.D., P.C., the professional corporation under which the defendant Dr. David Ennis conducted his medical practice, as a defendant in the action. The Supreme Court granted the motion and Dr. Ennis appeals.

"An aggrieved party or a person substituted for him may appeal from any appealable . . . order" (CPLR 5511). A party is aggrieved by an order when it directly affects that party's individual rights (*see Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]; *D'Ambrosio v City of New York,* 55 NY2d 454, 458-459 [1982]). Since the Supreme Court's order affected only the rights

of the corporation, and not Dr. Ennis' individual rights, he is not aggrieved by the order, and the appeal must be dismissed (*see e.g. Siegel v Long Is. Jewish Med. Ctr.,* 309 AD2d 916 [2003]; *Broadway Equities v Metropolitan Elec. Mfg. Co.,* 306 AD2d 426 [2003]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.