■ MARGARET MORRONE, Plaintiff, v MICHAEL MORRONE, Appellant. SHAW, LICITRA, ESERNIO & SCHWARTZ, P.C., Nonparty Appellant. [804 NYS2d 762]—In an action for a divorce and ancillary relief, the defendant Michael Morrone appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Richmond County (Adams, J.), dated November 7, 2003, as denied that branch of the motion of Shaw, Licitra, Esernio & Schwartz, P.C., the former attorneys for Michael Morrone, which

was to establish a charging lien, and (2) so much of an order of the same court dated May 13, 2004, as denied that branch of his motion which was to "dismiss the fee arbitration," and Shaw, Licitra, Esernio & Schwartz, P.C., separately appeals, as limited by its brief, from so much of the order dated November 7, 2003, as, upon determining that its retainer agreement with the defendant Michael Morrone did not comply with 22 NYCRR 1400.3, denied that branch of its motion which was to establish a charging lien.

Ordered that the appeal by the defendant Michael Morrone from the order dated November 7, 2003, is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511; *Carollo v Northern Westchester Hosp. Ctr.*, 5 AD3d 715 [2004]); and it is further,

Ordered that the appeal of Shaw, Licitra, Esernio & Schwartz, P.C., from so much of the order dated November 7, 2003, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated May 13, 2004, is affirmed insofar as appealed from, without costs or disbursements.

Shaw, Licitra, Esernio & Schwartz, P.C., conceded at oral argument that its appeal has been rendered academic.

The Supreme Court properly denied that branch of the motion which was to "dismiss the fee arbitration" brought by the defendant Michael Morrone under 22 NYCRR former part 136. The time within which Michael Morrone could have withdrawn his request for arbitration had passed (see 22 NYCRR former 136.5 [g]), and he provided no authority for the Supreme Court to "dismiss" the arbitration. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.