■ RAYMOND LAROSE, as Executor of PETER LAROSE, Deceased, et al., Respondents, v FRANK P. CRICCHIO, M.D., et al., Defendants, and WARREN E. MARVIN, D.D.S., Appellant. [20 NYS3d 169]—

In an action to recover damages for medical malpractice, etc., the defendant Warren E. Marvin appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated October 31, 2013, as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint and supplemental summons adding Warren E. Marvin, D.D.S., P.C., as a party defendant, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the appeal from so much of the order as granted the plaintiffs' motion for leave to serve an amended complaint and supplemental summons adding Warren E. Marvin, D.D.S., P.C., as a party defendant is dismissed, as the appellant is not aggrieved by that portion of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by Warren E. Marvin.

The plaintiffs' decedent died on April 18, 2010, of cardiopulmonary arrest due to, or as a consequence of, tonsillar cancer. The plaintiffs commenced this action to recover damages for medical malpractice against, among others, the appellant, Warren E. Marvin. The plaintiffs later moved for leave to amend the complaint to add Warren E. Marvin, D.D.S., P.C., and the appellant's father, Stuart Marvin, as party defendants. The appellant cross-moved to dismiss the complaint insofar as asserted against him as time-barred, asserting that he last treated the decedent in 2005, and that the treatments in 2008 and 2009, which fell within the limitations period, were rendered by the appellant's father. The Supreme Court granted

that branch of the plaintiffs' motion which was for leave to amend the complaint to add Warren E. Marvin, D.D.S., P.C., as a party defendant, and denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.

" 'An aggrieved party or a person substituted for him may appeal from any appealable . . . order' . . . A party is aggrieved by an order when it directly affects that party's individual rights" (*Carollo v Northern Westchester Hosp. Ctr.*, 5 AD3d 715, 715 [2004], quoting CPLR 5511). Since the portion of the Supreme Court's order granting that branch of the plaintiffs' motion which was for leave to amend the complaint to add Warren E. Marvin, D.D.S., P.C., as a party defendant affected only the rights of the corporation, and not the appellant's individual rights, he is not aggrieved by that portion of the order, and the appeal therefrom must be dismissed (*see Berrechid v Shahin*, 60 AD3d 884, 884 [2009]; *Carollo v Northern Westchester Hosp. Ctr.*, 5 AD3d at 715-716; *Broadway Equities v Metropolitan Elec. Mfg. Co.*, 306 AD2d 426, 427 [2003]).

The Supreme Court properly denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was barred by the statute of limitations. The appellant failed to eliminate all triable issues of fact as to whether he treated the decedent in 2008 and 2009 (*see Fuksman v Handler*, 259 AD2d 733 [1999]). The appellant's remaining contention is without merit. Accordingly, since the appellant failed to meet his prima facie burden, his cross motion was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.