Bello v New York City Health & Hosps. Corp. (2024 NY Slip Op 06145)

Bello v New York City Health & Hosps. Corp.

2024 NY Slip Op 06145

Decided on December 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2024

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 

Index No. 305687/10, 43061/17 Appeal No. 2359-2359A Case No. 2023-01439 

[*1]Rocio Bello, Plaintiff-Respondent,
v
New York City Health and Hospitals Corp., et al., Defendants-Respondents, Jamaica Hospital Medical Center, et al., Defendants, Vivekand Kalandhabhatta M.D., Defendant-Appellant.
New York City Health and Hospitals Corp., Third-Party Plaintiff-Respondent,
v
New York-Presbyterian Hospital/Columbia University Medical Center, Third-Party Defendant-Appellant.

Amabile & Erman, P.C., Staten Island (Irene P. Ziegler of counsel), for Vivekand Kalandhabhatta, M.D., appellant.
Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for New York-Presbyterian Hospital/Columbia University Medical Center, appellant.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for Rocio Bello, respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for New York City Health and Hospital Corp., respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered October 24, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant New York-Presbyterian Hospital/Columbia University Medical Center (Presbyterian) for summary judgment dismissing the third-party complaint against it by defendant/third-party plaintiff New York City Health and Hospitals Corp. (NYCHHC), unanimously reversed, on the law, without costs, and the matter remanded for further proceedings in accordance herewith. Order, same court, justice and date, which denied defendant Vivekand Kalandhabhatta, M.D.'s, motion for summary judgment dismissing the complaint as against him in connection with treatment provided on February 23, 2008 and March 26, 2008, unanimously modified, on the law, and Kalandhabhatta's motion for summary judgment granted as to those two dates and otherwise affirmed, without costs.
In this medical malpractice action, the motion court properly found that Presbyterian demonstrated its prima facie entitlement to summary judgment dismissing third-party plaintiff NYCHHC's claim for contribution. However, the court then improperly denied Presbyterian's motion, relying on opposition papers submitted by plaintiff. Plaintiff should not have been permitted to submit opposition papers to Presbyterian's motion because plaintiff is not a party to the action between Presbyterian and NYCHHC. Indeed, plaintiff does not have any direct, counter, or crossclaims against Presbyterian, has no interest in the outcome of that action, and would not be aggrieved by the dismissal of NYCHHC's third-party action against Presbyterian (see D'Ambrosino v City of New York, 55 NY2d 454, 459-460 [1982] [holding that the plaintiff was "not an 'aggrieved party' within the meaning of CPLR 5511 by reason of the resolution of the respective liability of the third-party plaintiff and defendant" and dismissing the plaintiff's appeal]; see also Levine v City of New York, 101 AD3d 419, 420 [1st Dept 2012] [finding that "[n]o appeal lies" as "[p]laintiffs never asserted a direct claim against [the third-party plaintiff], and thus, are not aggrieved by the dismissal of the [] third-party action"]; 111 Essex Street Corp. v Tower Insurance Company, 96 AD3d 699 [1st Dept 2012]; Siegel v Long Island Jewish Medical Center, 309 AD2d 916, 917 [2d Dept 2003] [where hospital brought third-party complaint against a private-duty nurse and supreme court granted nurse's motion to dismiss, the Second Department dismissed plaintiff's appeal "on the ground that [plaintiff] is not an 'aggrieved party' within the meaning of CPLR 5511 with standing to challenge the dismissal of the claim by [the hospital] for indemnification and contribution against the third-party defendant"] [citations omitted]). Accordingly, the only opposition that the motion court should have considered in its summary judgment determination for the third-party action was that submitted by NYCHHC. [*2]The cases cited by plaintiff are inapposite and do not merit a different result.
On remand, the court should determine Presbyterian's motion by reviewing only the papers submitted by the parties to that action — Presbyterian and NYCHHC.
Turning to Dr. Kalandhabatta's appeal, we find that the motion court's denial of Dr. Kalandhabatta's summary judgment motion should be modified to grant the motion as to plaintiff's February 23 and March 26 visits to Wyckoff Heights Medical Center's emergency room. Based on the hospital records and Dr. Kalandhabatta's expert's opinion as to his having ordered the correct tests and appropriately admitted plaintiff during his limited emergency room involvement with plaintiff prior to his endorsement to the admitting physicians, Dr. Kalandhabatta established prima facie entitlement to summary judgment as to the February 23 and March 26 visits, including where it is undisputed that he was only involved with plaintiff for 50 minutes on March 26, 2008 (see e.g. Mignoli v Oyugi, 82 AD3d 443, 444 [1st Dept 2011]).
Plaintiff failed to raise a triable issue of fact as to any deviation from the standard of care at these visits. Plaintiff offers no legal authority for the view that Dr. Kalandhabatta, as an emergency room doctor on the dates in question, had such an expansive duty as to be required to rule out all sources of hemoptysis and determine its cause, as plaintiff asserts, and we decline to adopt such a view as to the two visits now at issue.
We reject plaintiff's assertion, raised for the first time on this appeal, that Dr. Kalandhabatta's otolaryngology expert cannot support Dr. Kalandhabatta's prima facie entitlement to summary judgment.
NYCHHC, by stipulation dated May 1, 2024 has withdrawn its appeal from the denial of its motion for summary judgment, and this decision makes no determination on the merits of any of NYCHHC's affirmative claims.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2024