DOCTOR et al. v. HUGHES et al. (No. 7806.)

(Supreme Court, Appellate Division, First Department. November 19, 1915.)

1. DISMISSAL AND NONSUIT ⊜⟹63—PARTIES ENTITLED TO MOVE TO DISMISS.

A wife's father conveyed land subject to a trust for his own benefit, the deed further providing that upon his death the trustee should convey the premises, or pay over the proceeds if the premises had been sold, to the grantor's heirs. The wife executed a deed to her husband purporting to convey her interest therein, and the husband's judgment creditors brought an action to impress and enforce a lien upon the contingent interest of the wife so conveyed to the husband. *Held*, that the husband had no standing to move to dismiss the complaint, since, if he had an interest in the land, there was no reason why such interest, though contingent, should not be applied to the satisfaction of the judgment, while, if he had no interest, he had no concern with the attempt of the creditors to establish a lien on the property.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 105; Dec. Dig. ⊜⟹63.]

2. DISMISSAL AND NONSUIT ⊜⟹63—PARTIES ENTITLED TO MOVE TO DISMISS.

The wife's trustee in bankruptcy, appointed nearly 10 years after the conveyance by the wife, had no standing to move for the dismissal of the complaint, since, if the wife ever had an alienable interest in the land, she conveyed it away before she became a bankrupt, while, if she had no interest, nothing passed to her trustee.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 105; Dec. Dig. ⊜⟹63.]

Appeal from Special Term, New York County.

Action by Augusta Doctor and another against Augustus S. Hughes and others. From an order denying his motion for judgment on the pleadings (154 N. Y. Supp. 985), defendant named appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Burt D. Whedon, of New York City, for appellant.
Mark G. Holstein, of New York City, for respondents.

SCOTT, J. The action is by judgment creditors of Augustus S. Hughes and Elizabeth L. Hughes, his wife, to impress and enforce a lien upon the contingent interest of Elizabeth L. Hughes in a certain parcel of real estate, which interest was attempted to be conveyed by said Elizabeth L. Hughes to her husband on June 12, 1902. The contingent interest is said to arise out of a deed whereby James J. Hannigan (who is still living), the father of Mrs. Hughes, conveyed to a trustee the real estate in question, subject to certain trust for the benefit of the grantor, which deed of trust contained a clause providing that upon the death of said Hannigan the trustee should convey the premises, or pay over the proceeds if the premises should have been sold, to the heirs at law of Hannigan, of whom Elizabeth L. Hughes would be one, if living at her father's death.

On June 12, 1902, Elizabeth L. Hughes executed a bargain and sale deed to her husband, whereby she purported to convey to him the premises in question, although, of course, she could in any event con-

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vey no more than her interest in the property, whatever that might be. That deed has never been recorded. It is the contention of the plaintiffs that Elizabeth L. Hughes acquired under the trust deed executed by her father a contingent interest in the real estate, which, although liable to defeat by her death during her father's lifetime, was still alienable, and that by her deed to her husband he became vested with this interest, subject to the happening of the contingency which may defeat it. The appellant, Augustus S. Hughes, insists that his wife acquired no interest in the property which she could transfer, and hence that he acquired no interest therein by her deed to him.

[1, 2] The Court at Special Term has held in accordance with the contentions of the plaintiff, and certainly strong support is to be found for this view in Moore v. Littel, 41 N. Y. 66, Nat. Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed on opinion below 203 N. Y. 556, 96 N. E. 1122, and Clowe v. Seavey, 208 N. Y. 496, 102 N. E. 521, 47 L. R. A. (N. S.) 284. We do not find it necessary, however, to pass upon that question at the present time. If the appellant, Hughes, has no interest in the property, he has no concern with plaintiffs' attempt to establish a lien upon it. If he has an interest, even if it only be contingent, we see no reason why it should not be applied to the satisfaction of the judgment against him. So in no aspect of the case has he any standing to move for the dismissal of the complaint. So, also, as to the trustee in bankruptcy of Elizabeth L. Hughes, who was appointed on February 2, 1912, and who appeals, but has filed no brief. If the bankrupt ever had an alienable interest in the real estate, she had conveyed it away before she became a bankrupt. If she never had such an interest, nothing passed to her trustee. It follows that in any aspect of the case the motion for judgment was rightly denied. In so deciding we do not intend to pass upon the measure of relief to which plaintiffs may be entitled. That will be a subject for consideration when they apply for judgment.

The order appealed from is affirmed, with $10 costs and disbursements against the appellant Augustus S. Hughes. Order filed. All concur.