■ RICHARD J. PRINCIPI, INC., Appellant-Respondent, v RICHARD J. NOVAK, LTD., et al., Defendants, and CHARLES RIVIEZZO et al., Respondents-Appellants. [707 NYS2d 844] —In an action, *inter alia,* to quiet title to real property and to set aside a deed, (1) all of the defendants except Richard J. Novak, Ltd., and Richard J. Novak appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 6, 1998, as denied their motion to cancel the notice of pendency, and (2) the plaintiff appeals from stated

portions of an order of the same court, dated October 5, 1998, and all of the defendants except Richard J. Novak, Ltd., and Richard J. Novak cross-appeal, as limited by their brief, from so much of the order as denied their motion for summary judgment dismissing the second cause of action insofar as asserted against them and the first cause of action insofar as it was purportedly asserted against them.

Ordered that the plaintiff's appeal from the order dated October 5, 1998, is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the cross appeal from so much of the order dated October 5, 1998, as denied that branch of the respondents-appellants' motion which was for summary judgment dismissing the first cause of action is dismissed; and it is further,

Ordered that the order dated March 6, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 5, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The first cause of action in the second amended complaint was asserted only against the defendants Richard J. Novak, Ltd., and Richard J. Novak, and not the respondents-appellants. Accordingly, the respondents-appellants lacked standing to seek summary judgment dismissing that cause of action (*cf., Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773).

The Supreme Court properly denied that branch of the respondents-appellants' motion which was for summary judgment dismissing the second cause of action asserted in the second amended complaint, since there are issues of fact as to whether the respondents-appellants possessed notice that the plaintiff retained an interest in the subject property, or whether the respondents-appellants had knowledge of facts that would have led a reasonably prudent person to make further inquiries concerning the property (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708).

Since summary judgment was properly denied and the respondents-appellants did not otherwise demonstrate entitlement to cancellation of the notice of pendency (*see,* CPLR 6514), the court properly denied their motion to cancel the notice of

pendency. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.