In the Matter of DAVID SHELDON, Appellant, v CARMEN VERMONTY et al., Respondents. SHERIFF OF CITY OF NEW YORK, Nonparty Respondent. [827 NYS2d 287]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of real property to satisfy a money judgment, the petitioner appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 10, 2006, which granted the motion of the Sheriff of the City of New York to modify a judgment of the same court entered June 8, 2005, directing the sale of the subject real property, by increasing the amount of the homestead exemption set forth therein from the sum of $10,000 to the sum of $50,000.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The petitioner, a judgment creditor of the respondent Carmen Vermonty, commenced this proceeding pursuant to CPLR 5206 (e) to compel the sale of the residence owned by Vermonty. In a judgment entered June 8, 2005, the Supreme Court, inter alia, directed the Sheriff of the City of New York (hereinafter the Sheriff) to sell the subject property and distribute the proceeds of the sale to Vermonty's creditors, with the first $10,000 of those proceeds to be paid over to Vermonty, in accordance with the homestead exemption, as then provided for in CPLR 5206. In legislation approved and effective August 30, 2005, the Legislature amended CPLR 5206 by increasing the amount of the homestead exemption to $50,000 (see L 2005, ch 623). In December 2005, prior to the scheduled sale of the subject property, the Sheriff moved to modify the June 2005 judgment to increase the amount to be paid over to Vermonty to the sum of $50,000. The Supreme Court granted the motion, and the petitioner appeals. We reverse.

The Sheriff lacked standing to seek a modification of the June 2005 judgment. Contrary to the Sheriff's contention, he did not have a stake in the amount to be paid over to Vermonty on the ground that his failure to ensure that Vermonty retained the first $50,000 of the sale proceeds, in accordance with the intervening amendment of CPLR 5206, would have rendered him potentially liable in damages to Vermonty. Vermonty and her creditors were the only parties affected by the determination that Vermonty would receive the first $10,000, rather than the first $50,000, of the sale of the subject property. The Sheriff had no interest in that issue; he had only the ministerial duty to conduct the sale and distribute the proceeds thereof, in accordance with the terms of the judgment. Thus, the Sheriff was not threatened with "an injury in fact that falls within the relevant zone of interests sought to be protected by law" (*Caprer v Nussbaum*, 36 AD3d 176, 183 [2006]; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *Matter of Ayers v Coughlin*, 137 AD2d 300, 305 [1988], *mod on other grounds* 72 NY2d 346 [1988]).

Accordingly, since the Sheriff did not have standing to move for the modification of the June 2005 judgment, the Supreme Court should have denied the motion.

In light of our determination, the parties' remaining contentions need not be reached. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.