■ In the Matter of COALITION TO SAVE CEDAR HILL et al., Appellants, v PLANNING BOARD OF INCORPORATED VILLAGE OF PORT JEFFERSON et al., Respondents. [857 NYS2d 669]—

In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the respondent Planning Board of Incorporated Village of Port Jefferson, dated March 28, 2006, and action, inter alia, for a judgment declaring that the practice of the Clerk of the Village of Port Jefferson limiting the public's access to files which are the subject of a hearing is arbitrary, capricious, unconstitutional, null, and void, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Pines, J.), dated December 11, 2006, which, upon an order of the same court dated September 29, 2006, (1) granting the motion of the respondents Howard O. Wunderlich, individually and as trustee of the Howard O. Wunderlich Revocable Living Trust, and Adeline E. Wunderlich, individually and as trustee of the Adeline E. Wunderlich Revocable Living Trust, to dismiss the amended petition/complaint in its entirety for lack of personal jurisdiction over necessary parties, (2) granting the cross motion of the respondents Liberty Meadows, LLC, Sean Cash, and Kathleen L. Cash to dismiss the amended petition/complaint insofar as asserted against them on the same ground, (3) granting the cross motion of the respondents Planning Board of Incorporated Village of Port Jefferson and Robert Juliano, as Village of Port Jefferson Administrator/Clerk, to dismiss the amended petition/complaint insofar as asserted against them, and (4) denying their cross motion, inter alia, pursuant to CPLR 306-b to extend the time to serve the respondents Howard O. Wunderlich, individually and as trustee of the Howard O. Wunderlich Revocable Living Trust, and Adeline E. Wunderlich, individually and as trustee of the Adeline E. Wunderlich Revo-

cable Living Trust, and pursuant to CPLR 1001 (b) to permit the proceeding to continue in the absence of the respondents Howard O. Wunderlich, individually and as trustee of the Howard O. Wunderlich Revocable Living Trust, and Adeline E. Wunderlich, individually and as trustee of the Adeline E. Wunderlich Revocable Living Trust, dismissed the amended petition/complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the eighth cause of action of the amended petition/complaint; as so modified, the judgment is affirmed, the eighth cause of action for a judgment declaring that the practice of the Clerk of the Village of Port Jefferson limiting the public's access to files which are the subject of a hearing is arbitrary, capricious, unconstitutional, null, and void is reinstated, that branch of the cross motion which was to dismiss the amended petition/complaint insofar as asserted against the respondent Robert Juliano, as Village of Port Jefferson Administrator/Clerk, is denied, the action insofar as asserted against that respondent is severed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

After commencing the instant hybrid proceeding and action just before the expiration of the four-month statute of limitations applicable to a proceeding pursuant to CPLR article 78, the appellants attempted to serve the original petition/complaint, inter alia, upon the respondents Howard O. Wunderlich and Adeline E. Wunderlich, in their individual capacities, by "nail and mail" service pursuant to CPLR 308 (4). Upon later realizing that the title owners of the subject property were, in fact, the Howard O. Wunderlich Revocable Living Trust and the Adeline E. Wunderlich Revocable Living Trust, the appellants filed an amended petition/complaint naming the Wunderlichs both individually and in their capacities as trustees of the subject trusts. The Wunderlichs accepted service of the amended petition/complaint, but reserved their right to challenge jurisdiction based on the alleged defect in the method of service of the original petition/complaint upon them, in their individual capacity, and the alleged failure to join the actual title owners before the expiration of the applicable statute of limitations.

Contrary to the appellants' contentions, they failed to meet the due diligence requirement for service of the original petition/complaint upon the Wunderlichs, in their individual capacities, pursuant to CPLR 308 (4) (*see County of Nassau v Long*, 35 AD3d 787 [2006]; *County of Nassau v Yohannan*, 34

AD3d 620 [2006]). Moreover, it is clear that the hybrid action and proceeding, with the exception of the eighth cause of action, could not proceed in the absence of the actual title owners of the subject property (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452 [2005]). Under the facts presented, the Supreme Court did not improvidently exercise its discretion in declining to let the hybrid proceeding and action continue without the Wunderlichs pursuant to CPLR 1001 (b) (*see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452 [2005]), and in declining to extend the time for service pursuant to CPLR 306-b (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]).

The court erred, however, in dismissing the eighth cause of action. Although the Wunderlichs broadly framed their motion as one to dismiss the amended petition/complaint in its entirety as to all of the respondents, and the Supreme Court apparently treated it as such, the Wunderlichs did not have standing to seek dismissal of the eighth cause of action, which sought declaratory relief only with respect to "the Village of Port Jefferson Clerk." As the Village respondents correctly concede on appeal, the Supreme Court "should not have dismissed the eighth cause of action." Accordingly, we reinstate that cause of action and sever the action against the respondent Village of Port Jefferson Administrator/Clerk.

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.