■ FREE IN CHRIST PENTECOSTAL CHURCH, Appellant, v TIMOTHY JULIAN, Individually and as Mayor of City of Utica and Chairman of Utica Urban Renewal Agency, et al., Respondents. [881 NYS2d 773]—Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered August 22, 2008. The order, inter alia, granted the motion of certain defendants seeking dismissal of the amended complaint against them and the cross motion of the remaining defendants seeking summary judgment dismissing the amended complaint against them.

It is hereby ordered that said appeal from the order insofar as it concerned plaintiff's requests for disqualification is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages based on alleged violations of its constitutional rights, and Supreme Court thereafter granted the motion of certain defendants seeking dismissal of the amended complaint against them and the cross motion of the remaining defendants seeking summary judgment dismissing the amended complaint against them. Plaintiff's papers submitted in opposition included the affidavit of plaintiff's attorney in which he sought, inter alia, to

disqualify the Justice who had been assigned to the case. Although plaintiff purported to cross-move for that relief by way of its attorney's affidavit, plaintiff failed to comply with CPLR 2215 by filing a notice of cross motion. Because "the plaintiff merely requested [that] relief in its opposition papers, and did not make a motion on notice as defined in CPLR 2211, the plaintiff is not entitled to appeal as of right from the order denying its request" for disqualification of the Justice assigned to the case (*New York State Div. of Human Rights v Oceanside Cove II Apt. Corp.*, 39 AD3d 608, 609 [2007]). Additionally, we did not grant plaintiff leave to appeal pursuant to CPLR 5701 (c). Thus, that part of the appeal with respect to the request for disqualification of the Justice assigned to the case must be dismissed (*see New York State Div. of Human Rights*, 39 AD3d at 608-609). We likewise conclude that the appeal must be dismissed insofar as plaintiff challenges the court's denial of its request to disqualify defendant Linda Fatata, corporation counsel for respondent City of Utica. Plaintiff sought that relief for the first time during oral argument of defendants' motion and cross motion, and "[i]t is not enough to request such relief orally on the return date" of the motion and cross motion (*Guggenheim v Guggenheim*, 109 AD2d 1012, 1013 [1985]).

Finally, because plaintiff failed to address in its brief any issues concerning the dismissal of its amended complaint, we deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.