■ GRACE HEMMINGS GAPIHAN, Appellant, v THOMAS H. HEMMINGS, Respondent, et al., Defendants. WILLIAM THOMPSON, Respondent. [915 NYS2d 767]—

Cardona, P.J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Knipel, J.), entered February 3, 2010 in Kings County, which, among other things, partially granted the referee's motion for leave to alter the method of conducting the sale of certain real property.

Plaintiff and defendant Thomas H. Hemmings, as tenants in common, own an apartment building in Kings County. In December 2005, plaintiff commenced this RPAPL article 9 action seeking, among other things, partition of the property. Thereafter, plaintiff moved for summary judgment requesting that the property be sold. In September 2008, Supreme Court granted the motion to the extent of entering an interlocutory judgment pursuant to RPAPL 915 ruling that, since plaintiff and Hemmings each owned an undivided one-half interest in the property and it could not be physically partitioned without causing great prejudice, sale of the property was appropriate. Accordingly, the court's judgment provided that the property be sold at public auction at the courthouse by direction of the referee appointed therein. However, before a public auction was conducted, the referee received a private offer from a third party to purchase the property for $515,000. Plaintiff refused to sign the contract of sale and insisted that the public auction be conducted as directed in the interlocutory judgment and in accordance with RPAPL 915 and 231 (2) (a). The referee then, by order to show cause, moved for leave to conduct the private sale without plaintiff's authorization, and plaintiff cross-moved to remove the referee. Supreme Court denied the cross motion and partially granted the referee's motion to the extent of modifying the interlocutory judgment to authorize the referee to advertise the property for sale in a local newspaper for a sum in excess of $515,000 and, if no bona fide offer was received within 21 days, to sell it to the third party who originally offered that sum. Plaintiff filed an appeal from that order and the Second Department, after issuing a stay, transferred the matter to this Court for disposition.

It is undisputed that the parties herein did not appeal from the 2008 interlocutory judgment, nor is there proof in this record that either brought a motion requesting modification of the terms of that judgment (*see* CPLR 2221 [a]). Notably, the referee was not a party affected by any outcome and, therefore, he lacked standing to seek a modification of the interlocutory judgment (*see Matter of Sheldon v Vermonty*, 36 AD3d 619, 620 [2007]). Accordingly, Supreme Court should have denied the referee's motion (*see id.*), and we reverse the court's order to that extent. Given that determination, it is unnecessary to determine plaintiff's remaining arguments in that regard.

Turning to the denial of plaintiff's cross motion for removal of the referee, we find no basis for reversal. Although plaintiff raised numerous allegations of partiality and bias on the part of the referee, this record contains nothing but speculation to support those contentions. Consequently, plaintiff has not established that Supreme Court abused its discretion in denying her removal request.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted the referee's motion for certain relief; motion denied to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.