■ BRT REALTY TRUST, Plaintiff, v 3747 PURCHASE STREET REALTY Co., LLC, et al., Defendants. (Action No. 1.) GREEN FAMILY HOLDINGS, LLC, et al., Respondents, v LOUIS E. CHERICO et al., Appellants, et al., Defendants. (Action No. 2.) [929 NYS2d 312]—

964

As a threshold matter, the appeal by the defendant Daniel J. Cherico must be dismissed as abandoned, since the appellate brief does not raise any arguments with respect to, or seek reversal of any of those portions of the judgment that are against him (*see Finger v Saal*, 56 AD3d 606, 607 [2008]).

On appeal, the defendants Louis E. Cherico (hereinafter Cherico) and Cherico, Cherico & Associates (hereinafter the Firm) in action No. 2 contend that the Supreme Court erred to the extent that it determined in the order underlying the judgment that Cherico violated Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) with respect to a certain business transaction between him and his then-client Steven Green (hereinafter Steven), and thereupon awarded various relief in favor of the plaintiffs Green Family Holdings, LLC (hereinafter Green LLC), and Mary Green, as guardian for Steven (hereinafter Mary), and against them. However, in the order underlying the judgment, the Supreme Court relied on Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) only when addressing certain of the cross claims in action No. 1 which are not at issue on appeal. With respect to action No. 2, the Supreme Court based its determination to award various relief in favor of Green LLC and Mary and against Cherico and the Firm on its separate and distinct finding that, among other things, Cherico and the Firm breached their fiduciary duties to Steven by fraudulently modifying a power of attorney form and then using it to transfer assets to them belonging to Green LLC and Roxbury Holdings, LLC (hereinafter Roxbury), a finding that Cherico and the Firm do not challenge on appeal.

Next, Cherico and the Firm contend that even if Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) applied to the subject business transaction between Cherico and Steven, and Cherico failed to comply with that rule, the

Supreme Court erred in precluding Cherico and the Firm from recovering certain unpaid legal fees for services unrelated to the subject business transaction. However, again, the Supreme Court relied on its determination that Cherico violated Code of Professional Responsibility DR 5-104 (22 NYCRR 1200.23) only when addressing certain of the cross claims in action No. 1, including Cherico's cross claims to recover certain unpaid legal fees. With respect to the counterclaims of Cherico and the Cherico Firm to recover certain unpaid legal fees in action No. 2, the Supreme Court based its determination, inter alia, to award relief in favor of Green LLC and Mary and to dismiss those counterclaims on the failure of Cherico and the Firm to provide Steven with a written letter of engagement other than with respect to a certain criminal matter.

Effectively acknowledging as much, Cherico and the Firm contend next that the Supreme Court erred in basing its determination to award relief in favor of Green LLC and Mary and against them dismissing the aforementioned counterclaims on its finding that Cherico and the Firm failed to provide Steven with a written letter of engagement other than with respect to the aforementioned criminal matter, since certain of the unpaid legal fees at issue were for services rendered in that criminal matter, and since the unpaid legal fees for services rendered in other matters for which they did not provide Steven with a written letter of engagement may be recovered in quantum meruit. However, the relevant bills reflect that the $39,901.06 in unpaid legal fees that Cherico and the Firm seek to recover in their counterclaims is the accumulated total balance due for services rendered to Steven from August 31, 2007, through May 30, 2008. The services were rendered after an accident that left Steven incapacitated, after Cherico fraudulently modified Steven's power of attorney and, notably, were largely subsequent to Mary's appointment as Steven's temporary guardian and to some extent subsequent to their termination as Steven's counsel. Therefore, Cherico and the Firm should be precluded from recovering the subject unpaid legal fees based on that misconduct (see generally *Feiger v Iral Jewelry*, 41 NY2d 928, 928-929 [1977]; *Matter of Winston*, 214 AD2d 677, 677 [1995]; *Excelsior 57th Corp. v Lerner*, 160 AD2d 407, 408-409 [1990]).

Finally, the remaining contention regarding Limited Liability Company Law § 610 is improperly raised for the first time on appeal. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.