Kavanaugh v Kavanaugh (2021 NY Slip Op 07352)





Kavanaugh v Kavanaugh


2021 NY Slip Op 07352


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND DEJOSEPH, JJ.


703 CA 20-01024

[*1]JAMES KAVANAUGH, HELEN KAVANAUGH AND MATTHEW G. KAVANAUGH, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
MARY ELLEN KAVANAUGH, DEFENDANT-RESPONDENT, NEIL KAVANAUGH, ALSO KNOWN AS CORNELIUS KAVANAUGH, MARTHA KAVANAUGH, CONSUMERS BEVERAGES, INC., AND KAVCON DEVELOPMENT LLC, DEFENDANTS-RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






GROSS SHUMAN, P.C., BUFFALO (HUGH C. CARLIN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS. 
ADAMS LECLAIR LLP, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT MARTHA KAVANAUGH. 
CONNORS LLP, BUFFALO (VINCENT E. DOYLE, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT NEIL KAVANAUGH, ALSO KNOWN AS CORNELIUS




 Appeal and cross appeals from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered June 5, 2020. The order denied the motion of plaintiffs for partial summary judgment and the cross motion of defendants Consumers Beverages, Inc. and Kavcon Development LLC for summary judgment. 
It is hereby ORDERED that said cross appeals by defendants Neil Kavanaugh, also known as Cornelius Kavanaugh, and Martha Kavanaugh are unanimously dismissed and the order is modified on the law by granting the motion insofar as made by plaintiffs James Kavanaugh and Helen Kavanaugh and granting judgment in their favor as follows:
It is ADJUDGED and DECLARED that the transfers of shares and ownership interests in defendants Consumers Beverages, Inc. and Kavcon Development LLC from defendants Martha Kavanaugh and Mary Ellen Kavanaugh to defendant Neil Kavanaugh, also known as Cornelius Kavanaugh, are null and void,
and as modified the order is affirmed without costs.
Memorandum: This appeal is part of an extended intra-family litigation concerning the ownership of two family companies, defendants Consumers Beverages, Inc. (CBI) and Kavcon Development LLC (Kavcon). CBI and Kavcon were founded decades ago by Lawrence [*2]Kavanaugh. Plaintiffs—James Kavanaugh, Helen Kavanaugh, and Matthew G. Kavanaugh—and defendants Neil Kavanaugh, also known as Cornelius Kavanaugh, Mary Ellen Kavanaugh, and Martha Kavanaugh are some of Lawrence's children. James, Helen, Matthew, Neil, Mary Ellen, and Martha are all current or former shareholders in CBI and current or former members of Kavcon. James, Helen, Matthew, Neil, Mary Ellen, and Martha are also all signatories to the separate agreements that govern the ownership structure of each company (CBI Agreement and Kavcon Agreement, respectively). In 2012 and 2013, Neil purchased Mary Ellen's and Martha's interests in CBI and Kavcon (CBI Purchases and Kavcon Purchases, respectively).
Plaintiffs objected to the CBI Purchases and the Kavcon Purchases, and they thereafter commenced this action. Only the first and second causes of action are at issue in this appeal. The first cause of action, which was asserted only by James and Helen, alleged that the CBI Purchases violated certain transfer restrictions in the CBI Agreement, and it therefore sought a declaration that the CBI Purchases were null and void. The second cause of action, which was likewise asserted only by James and Helen, alleged that the Kavcon Purchases violated certain transfer restrictions in the Kavcon Agreement, and it therefore sought a declaration that the Kavcon Purchases were null and void. Notably, both the first and second causes of action were asserted only against Neil, Martha, and Mary Ellen as individuals, not against CBI and Kavcon as corporations; indeed, the complaint does not allege any wrongdoing by CBI and Kavcon as corporations. CBI and Kavcon are thus properly treated only as nominal defendants in this action, i.e., parties whose presence in the litigation is necessary only to bind them to the eventual judgment and to ensure full relief between the real parties in interest (see e.g. Harris v Harris, 193 AD3d 457, 457-458 [1st Dept 2021]; Berger v Friedman, 151 AD3d 678, 678-679 [2d Dept 2017]; see generally Acosta v Saakvitne, 355 F Supp 3d 908, 916-919 [D Haw 2019]; Allen v Park Natl. Bank & Trust of Chicago, 1998 WL 299477, *3 [ND Ill, May 29, 1998, No. C 2198]).
Neil answered the complaint, asserting—as relevant here—affirmative defenses of waiver and estoppel premised on plaintiffs' failure to object to 73 intra-family transactions involving CBI shares between 1986 and 2002 (Prior Transactions), each of which allegedly failed to comply with the transfer restrictions in the CBI Agreement. Plaintiffs' failure to object to the Prior Transactions constituted, in Neil's view, an implicit prospective waiver of the transfer restrictions in both the CBI Agreement and the Kavcon Agreement such that plaintiffs should be barred by principles of waiver and estoppel from challenging both the CBI Purchases and the Kavcon Purchases.
Following discovery, plaintiffs moved for partial summary judgment on the first and second causes of action. In opposition, Neil argued that summary judgment in plaintiffs' favor was precluded by triable issues of fact with respect to the estoppel and waiver affirmative defenses, but he did not formally cross-move for summary judgment dismissing the first and second causes of action against him. Despite the absence of any cause of action against them, CBI and Kavcon opposed plaintiffs' motion and cross-moved for summary judgment dismissing the complaint as purportedly against them. For their part, Martha and Mary Ellen both conceded liability and advocated in plaintiffs' favor, although neither sister filed a formal motion or cross motion on her own behalf.
Supreme Court determined, as a matter of law, that the CBI Purchases violated the transfer restrictions of the CBI Agreement and that the Kavcon Purchases violated the transfer restrictions of the Kavcon Agreement. Nevertheless, the court denied both plaintiffs' motion and the cross motion by CBI and Kavcon solely on the ground that triable issues of fact existed as to the affirmative defenses of waiver and estoppel. Plaintiffs now appeal, and defendants—with the exception of Mary Ellen—now cross-appeal.
Martha is not aggrieved by the order from which she purports to cross-appeal because that order neither granted relief against her nor denied any motion for affirmative relief on her own behalf (see CPLR 5511; Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 664 n 4 [2014]; MacKay v Paliotta, 196 AD3d 552, 553 [2d Dept 2021]; see generally CPLR 2211, 2215; Free in Christ Pentecostal Church v Julian, 64 AD3d 1153, 1154 [4th Dept 2009]). Martha's support for plaintiffs' efforts to void the CBI Purchases and the Kavcon Purchases does not make her an "aggrieved" party in a technical sense; "aggrievement is about relief, not reasoning" (Mixon v TBV, Inc., 76 AD3d 144, 154 [2d Dept 2010]), and the fact that Martha [*3]"may be disappointed or even have been deprived of a financial benefit by the adjudication[s] does not, without more, make [her] a party 'aggrieved' " within the meaning of CPLR 5511 (Matter of DeLong, 89 AD2d 368, 370 [4th Dept 1982], lv denied 58 NY2d 606 [1983]; see Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1386 [4th Dept 2019]). Rather, to qualify as a party aggrieved under CPLR 5511, "[i]t must be shown that [such] party had some legal right or interest in the subject of the determination which was adversely affected thereby" (DeLong, 89 AD2d at 370). Martha's cross appeal must therefore be dismissed (see Fabrizi, 22 NY3d at 664; MacKay, 196 AD3d at 553).
We likewise dismiss Neil's cross appeal. Neil did not formally cross-move for affirmative relief on his own behalf, the court did not grant relief against him, and he is not individually aggrieved by the denial of CBI's and Kavcon's cross motion because that "portion of the order . . . affected [at most] only the [purported] rights of the corporation[s], and not [Neil's] individual rights" (LaRose v Cricchio, 134 AD3d 680, 681 [2d Dept 2015]; see Berrechid v Shahin, 60 AD3d 884, 884 [2d Dept 2009]; Broadway Equities v Metropolitan Elec. Mfg. Co., 306 AD2d 426, 427 [2d Dept 2003]). Neil's belated attempt, following oral argument of the motions, to orally "join in" CBI's and Kavcon's cross motion was ineffective in light of his failure to "formally" join that cross motion in compliance with CPLR 2215 (Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]; see Free in Christ Pentecostal Church, 64 AD3d at 1154; but see Voorhees v Babcock & Wilcox Corp., 150 AD2d 677, 678 [2d Dept 1989]). To the extent that Neil's oral attempt to "join in" CBI's and Kavcon's cross motion could be construed as an independent application for summary judgment dismissing the first and second causes of action as against himself, and to the further extent that the order on appeal could be read to deny such an application, we note only that the denial of an oral application made on the return date is not appealable as of right under CPLR 5701 (a) (2) because such an application is not a proper cross motion made on notice under CPLR 2215 (see Free in Christ Pentecostal Church, 64 AD3d at 1154).
With respect to the cross appeal by CBI and Kavcon, we reject their contention that the court erred in denying their cross motion, although our reasoning differs from the motion court's. It is well established that a party lacks standing to seek the dismissal of claims not asserted against it (see Cox v NAP Constr. Co., Inc., 40 AD3d 459, 460 [1st Dept 2007], affd 10 NY3d 592 [2008]; Matter of Coalition to Save Cedar Hill v Planning Bd. of Inc. Vil. of Port Jefferson, 51 AD3d 666, 668 [2d Dept 2008], lv denied 11 NY3d 702 [2008]; Richard J. Principi, Inc. v Richard J. Novak, Ltd., 271 AD2d 591, 592 [2d Dept 2000]), and here, as previously noted, CBI and Kavcon are merely nominal defendants inasmuch as the complaint did not allege any wrongdoing by or liability on their part. Moreover, given that "a corporation has no interest in the individual ownership of its shares" (Hook v Hoffman, 16 Ariz 540, 561, 147 P 722, 731 [1915]; see Diamond v Oreamuno, 29 AD2d 285, 288 [1st Dept 1968], affd 24 NY2d 494 [1969]; Hauben v Morris, 255 App Div 35, 46 [1st Dept 1938], affd 281 NY 652 [1939]; see also Treadway Companies, Inc. v Care Corp., 638 F2d 357, 376-377 [2d Cir 1980]; Beam ex rel. Martha Stewart Living Omnimedia, Inc. v Stewart, 833 A2d 961, 974 [Del Ch Ct 2003], affd 845 A2d 1040 [Del 2004]; Behlow v Fischer, 102 Cal 208, 214, 36 P 509, 510 [1894]), the fact that CBI and Kavcon will be ministerially bound by any judgment declaring the rights of the real parties in interest—i.e., the individual parties—cannot by itself confer standing upon them to seek summary judgment on claims to which they stand legally indifferent (see Matter of Sheldon v Vermonty, 36 AD3d 619, 620 [2d Dept 2007]; Doctor v Hughes, 169 App Div 810, 811 [1st Dept 1915]; see also Gapihan v Hemmings, 80 AD3d 1138, 1139 [3d Dept 2011]). CBI and Kavcon thus lacked standing to seek summary judgment dismissing any part of the complaint, and their cross motion should have been denied solely on that basis (see Sheldon, 36 AD3d at 620; Solomon v City of New York, 225 AD2d 539, 539 [2d Dept 1996]; Doctor, 169 App Div at 811-812; see also People v Grasso, 54 AD3d 180, 197 [1st Dept 2008]; see generally Falk v Falk, 74 AD3d 1841, 1841 [4th Dept 2010]).
Similarly, Matthew lacked standing to seek summary judgment on the first and second causes of action inasmuch as those causes of action were asserted only by James and Helen (see generally Cox, 40 AD3d at 460; Coalition to Save Cedar Hill, 51 AD3d at 668; Richard J. Principi, Inc., 271 AD2d at 592). Thus, plaintiffs' motion—insofar as made by [*4]Matthew—should have been denied solely on that basis (see Solomon, 225 AD2d at 539; see also Grasso, 54 AD3d at 197; see generally Falk, 74 AD3d at 1841).
We now address the contention of James and Helen, on their appeal, that the court erred in determining that triable issues of fact as to Neil's affirmative defenses of waiver and estoppel precluded summary judgment in their favor on the first and second causes of action. Even viewing the Kavanaugh family's transactional history in the light most favorable to Neil as the non-movant (see generally De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), we agree with James and Helen that the subject affirmative defenses are unavailing as a matter of law and that there are no triable issues of material fact with respect thereto. Because the parties use the terms waiver and estoppel interchangeably and make the same arguments based on both theories, we "shall not enter into any discussion as to the distinction in principle between waiver and estoppel" and will instead analyze the subject affirmative defenses solely in terms of waiver (McArdle v German Alliance Ins. Co., 183 NY 368, 374 [1906]; see Matter of Heisler v Gingras, 90 NY2d 682, 686-687 [1997], rearg denied 91 NY2d 867 [1997]; Foster v White & Sons, 244 App Div 368, 369-371 [1st Dept 1935], affd 270 NY 572 [1936]).
We first analyze James' and Helen's entitlement to summary judgment on the first cause of action, which concerns the CBI Purchases. According to Neil's own submissions in opposition to James and Helen's motion, the Prior Transactions that underlie the subject affirmative defenses fall into three distinct categories: 61 transfers of CBI shares by Lawrence, eight transfers of CBI shares by Lawrence's second wife (Zita), and four transfers of CBI shares by another Kavanaugh sibling (Mark). The transfer restrictions in the CBI Agreement, however, apply only to transactions in which a "Shareholder" is the transferor, and the CBI Agreement explicitly limits the defined term "Shareholder" to Lawrence's eight children. Lawrence, by contrast, is defined as CBI's one and only "Principal," and the text and structure of the CBI Agreement clearly indicate that the "Principal" cannot simultaneously be a "Shareholder" as those terms are used in the CBI Agreement. Zita, moreover, is neither the "Principal" nor a "Shareholder" as defined by the CBI Agreement; indeed, Zita is not even a signatory to that contract. Thus, while Lawrence and Zita were both CBI shareholders in the colloquial sense of the term, neither Lawrence nor Zita was a "Shareholder" to whom the transfer restrictions of the CBI Agreement applied. Contrary to Neil's contention, Lawrence's inclusion on the CBI Agreement's original Schedule A merely reflected his status as a shareholder in the colloquial sense, not as a "Shareholder" to whom the transfer restrictions applied. Consequently, the transfers by Lawrence and Zita could not have violated the transfer restrictions in the CBI Agreement because, simply put, those provisions did not apply to them. And because there was no basis to invoke the transfer restrictions of the CBI Agreement to challenge either Lawrence's 61 transfers or Zita's eight transfers, any failure by James and Helen to do so cannot be deemed a prospective waiver of their right to enforce the transfer restrictions of the CBI Agreement in proper circumstances.
Excluding Lawrence's 61 transfers and Zita's eight transfers, Mark's four transfers are the lone remaining basis on which the subject affirmative defenses to the first cause of action might still validly rest. Mark's transfers—which collectively constituted a single discrete transaction in 1995—bear the greatest similarity to the CBI Purchases. Unlike the other 69 transfers on which the subject affirmative defenses are also based, it is plausible that Mark's four transfers in 1995 did violate the transfer restrictions in the CBI Agreement. For purposes of summary judgment, we will assume that Mark's transfers were made in derogation of the applicable transfer restrictions, and we will further assume, as Neil also asserts, that James and Helen knowingly acquiesced in Mark's transfers without objecting or otherwise attempting to enforce the applicable transfer restrictions as written (see generally De Lourdes Torres, 26 NY3d at 763).
Even with those assumptions, however, James' and Helen's failure to enforce the transfer restrictions of the CBI Agreement with respect to Mark's single discrete transaction in 1995—approximately 18 years before the CBI Purchases—does not, as a matter of law, constitute a blanket prospective waiver of those contractual provisions (see Kamco Supply Corp. v On the Right Track, LLC, 149 AD3d 275, 283-284 [2d Dept 2017], lv dismissed 30 NY3d 1036 [2017]; EchoStar Satellite L.L.C. v ESPN, Inc., 79 AD3d 614, 618-620 [1st Dept 2010]). To the contrary, a party's failure to enforce a contractual provision in limited and isolated [*5]instances is "reasonably . . . understood as a waiver of the [contractual provision in those particular instances], but not as a prospective waiver of [the contractual] requirements [going forward]" (Kamco Supply Corp., 149 AD3d at 284). Thus, any implied waiver of the CBI Agreement's transfer restrictions stemming from Mark's transfers in 1995 "was a discrete event that did not promise another waiver" (DLJ Mtge. Capital Corp., Inc. v Fairmont Funding, Ltd., 81 AD3d 563, 564 [1st Dept 2011]), and it follows that James and Helen are not barred from now enforcing those provisions with respect to the CBI Purchases at issue in this case. The court therefore erred in denying James' and Helen's motion insofar as it sought summary judgment on the first cause of action, and we modify the order accordingly.
Addressing next James' and Helen's entitlement to summary judgment on the second cause of action, which concerns the Kavcon Purchases, we emphasize that the affirmative defenses at issue are based exclusively on the Kavanaugh family's alleged history of transferring CBI shares without adhering to the transfer restrictions in the CBI Agreement. As we recently held, however, a party's failure to enforce the provisions of one contract cannot, as a matter of law, "be imputed as a waiver" of that party's right to enforce the provisions of a different contract, even in the context of related "entities that comprise [a] family business" (McGuire v McGuire, 197 AD3d 897, 902 [4th Dept 2021]). Our holding in McGuire is conclusive of James' and Helen's entitlement to summary judgment on the second cause of action because, as to that particular claim, the subject affirmative defenses are inextricably wedded to the very premise that McGuire rejects, to wit, the notion that an alleged waiver of the transfer restrictions in the CBI Agreement could be "imputed as a waiver" of the transfer restrictions in the Kavcon Agreement (id.). We note that the transfer restrictions in the CBI Agreement differ substantively from the transfer restrictions in the Kavcon Agreement. The court thus erred in denying James' and Helen's motion insofar as it sought summary judgment on the second cause of action, and we further modify the order accordingly.
Neil's contention that James and Helen are not entitled to summary judgment on the second cause of action in light of various intra-family transfers of the shares of Kavcon's predecessor entity is raised for the first time on appeal and is thus not properly before us (see Salahuddin v Craver, 163 AD3d 1508, 1509, 1511 [4th Dept 2018]; BRT Realty Trust v 3747 Purchase St. Realty Co., LLC, 87 AD3d 963, 966 [2d Dept 2011]). Moreover, the supporting documents on which Neil now relies for that argument were not before the motion court because they were improperly submitted by CBI and Kavcon for the first time on reply in connection with their cross motion (see Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 981 [4th Dept 2020]; McNair v Lee, 24 AD3d 159, 160 [1st Dept 2005]), and Neil did not incorporate those documents into his own submissions opposing plaintiffs' motion (cf. Carlson v Town of Mina, 31 AD3d 1176, 1177 [4th Dept 2006]).
Neil's further contentions that James and Helen have "unclean hands" and that the CBI Purchases and the Kavcon Purchases did not actually violate the transfer restrictions of the respective agreements are unpreserved for appellate review because Neil never specifically advanced them before the motion court (see Aprile-Sci v St. Raymond of Penyafort R.C. Church, 151 AD3d 671, 673 [2d Dept 2017]; Seymour v Northline Utils., LLC, 79 AD3d 1386, 1389 [3d Dept 2010]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 546 [1983]; Estate of Essig v Essig, 196 AD3d 1055, 1057 [4th Dept 2021]). Neil's attempt during motion practice to summarily "incorporate all the arguments submitted by" his allied codefendants in the litigation, without identifying those arguments and explaining why they availed him particularly, did not suffice to preserve his present arguments for appellate review (see generally Kuriansky v Bed-Stuy Health Care Corp., 73 NY2d 875, 876 [1988]; Olney v Town of Barrington, 180 AD3d 1364, 1365 [4th Dept 2020]). Rather, "it was incumbent upon [Neil] to object, raise the specific arguments [he] now asserts . . . , and ask the [trial] court to conduct that analysis in order to preserve [his] challenge[s] for appellate review" (Matter of New York City Asbestos Litig., 27 NY3d 1173, 1176 [2016]).
James' and Helen's remaining contentions are academic in view of our determination.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court