■ DENISE BIYAL et al., Respondents, v CITY OF NEW YORK, Respondent, and ABERDEEN ASSOCIATES, INC., Appellant, et al., Defendant.—Appeal from order, Supreme Court, New York County, entered July 27, 1976, unanimously dismissed, without costs and without disbursements, as academic in view of the disposition of the companion appeal. Order of the same court, entered November 8, 1976, unanimously reversed, on the law, the motion for renewal granted and, upon renewal, the order of July 27, 1976 unanimously modified to the extent of vacating the dismissal of the third-party complaint of defendant-appellant and third-party plaintiff Aberdeen Associates, Inc., against defendant City of New York and otherwise affirmed, to the extent appealed from, without costs and without disbursements. The suit is to recover for personal injuries sustained by plaintiff-respondent Denise Biyal and derivatively by her husband plaintiff-respondent Ned Biyal when she fell on snow and ice on a city street at the scene of a plated-over excavation. The work was performed for defendant Consolidated Edison Company (Con Ed), permittee of defendant-respondent city, by defendant-appellant Aberdeen as contractor. The suit was originally brought against all three defendants; Aberdeen instituted cross claims against the other two defendants, alleging their negligence. Desiring—it was candidly admitted—to free the case from the delays attendant upon a calendar of city tort cases, plaintiffs moved to discontinue against both the city and Con Ed and, further, with their removal as defendants, to dismiss defendant-appellant Aberdeen's cross claims against both the city and Con Ed. The theory of the motion was that active negligence of Aberdeen alone brought about the injury and that the negligence of the other two defendants, if any, was solely passive and therefore could not subject either to contribution. Special Term granted the motion. Defendant Con Ed elected to accept the dismissal and defendant-appellant Aberdeen did not appeal that aspect of Special Term's decision. Neither the discontinuances as against Con Ed and the city nor the dismissal of the cross claim against Con Ed are before us. Our concern is limited only to what was appealed from. Be that as it may, Aberdeen's cross claim against the city stated a cause for failure properly to maintain the street, and facts indicating validity of this cause were laid before the court on a motion for renewal. Plaintiffs, not parties to the cross claims even by implication, had no standing on their own to bring about the dismissal of defendant Aberdeen's cross claim against the city, and thereby deprive it of its right to be indemnified on its claim of active negligence of the city in respect of snow and ice conditions on the street. This is particularly so in the face of an affirmative showing of the claim's validity. The renewal motion should therefore have been granted, and the first order vacated to the extent that Aberdeen had been aggrieved thereby. Concur—Stevens, P. J., Murphy, Capozzoli, Markewich and Lynch, JJ.