■ TEOFILO ARAUJO et al., Appellants, v TIANO'S CONSTRUCTION CORP. et al., Respondents, et al., Defendants. (And a Third-Party Action.) [834 NYS2d 660]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 20, 2005, which granted defendants' motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiffs' causes of action against their employer and its surety for breach of contract, quantum meruit and unjust enrichment, based on their claims that they were paid less than the minimum prevailing wages set pursuant to the Davis-Bacon Act (now 40 USC § 3141 *et seq.*), were properly dismissed. No private right of action exists to enforce, either directly or indirectly, contracts requiring payment of federal prevailing wage schedules (*Gonzalez v D&S Zaffuto Joint Venture*, 271 AD2d 356 [2000]). Plaintiffs' remedy lies in the pending administrative proceedings. Concur—Tom, J.P., Andrias and Williams, JJ.

Marlow and McGuire, JJ., concur in part and dissent in part in a memorandum by McGuire, J., as follows: I disagree with the majority's determination to affirm the dismissal of plaintiffs' causes of action for breach of contract and suretyship, and would vote to reinstate those claims.

In *Cox v NAP Constr. Co., Inc.* (40 AD3d 459 [2007] [decided herewith]), a panel of this Court concluded that *Gonzalez v D&S Zaffuto Joint Venture* (271 AD2d 356 [2000]) was wrongly decided and should not be followed. As a member of the panel in *Cox*, I agree that *Gonzalez* was wrongly decided. As the decision in *Cox* states, the panel declined to follow *Gonzalez* because of the persuasiveness of Judge Lynch's dissenting opinion in *Grochowski v Phoenix Constr.* (318 F3d 80 [2003]). The majority, of course, is free to disagree. The majority, however, adheres to *Gonzalez* without addressing Judge Lynch's dissent or his central point that allowing workers to sue to recover the very wages the Davis-Bacon Act requires cannot reasonably be thought to be contrary to the purposes and objectives of Congress in enacting that legislation.