■ ANTHONY COX et al., Respondents, v NAP CONSTRUCTION COMPANY, INC., Appellant, et al., Defendants. (And Other Actions.) [837 NYS2d 612]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 10, 2005, which, insofar as appealed from, denied defendant NAP Construction Company, Inc.'s (NAP) motion to dismiss pursuant to CPLR 3211 (a) (7) the sixth, seventh, eighth, tenth and eleventh causes of action of the complaint, affirmed, without costs.

In this class action lawsuit against their former employer, plaintiffs sue on behalf of themselves and other construction workers, a class consisting of approximately 160 individuals, alleging that they were not paid prevailing wages, supplemental benefits and overtime compensation by NAP for work performed on federally funded public works projects at various public housing developments pursuant to contracts entered into between NAP and the New York City Housing Authority. Those contracts required NAP to "pay to all laborers and mechanics employed in this work not less than the wages prevailing in the locality of the project, as predetermined by the Secretary of Labor of the United States pursuant to the Davis-Bacon Act" (40 USC § 3142 [a], [b] [formerly 40 USC §§ 276a—276a-5]). In addition to NAP, the named defendants are Anthony Panagio, one of NAP's largest shareholders, as well as two insurance companies, Greenwich Insurance Company (Greenwich) and St. Paul Mercury Insurance Company (St. Paul), which issued various labor and material payment bonds on behalf of NAP under the contracts.

As against NAP, plaintiffs assert claims under New York common law for breach of contract, quantum meruit, fraud and unjust enrichment (the first, second, third and fourth causes of action, respectively), Labor Law §§ 190, 191 and 198-c for failure to pay agreed-upon wages, overtime compensation, benefits and wage supplements (the sixth cause of action), and Labor Law § 655 and 12 NYCRR 142-3.2 for failure to pay overtime compensation (the tenth cause of action). As against Panagio, plaintiffs assert claims under Business Corporation Law § 630 for failure to pay overtime compensation (seventh cause of action), and one styled "piercing the corporate veil" seeking to hold Panagio liable for NAP's alleged fraud (eighth cause of ac-

tion). In addition, plaintiffs assert claims under federal law for violations of the Fair Labor Standards Act (FLSA) (29 USC § 201 *et seq.*) against both NAP (the fifth cause of action) and Panagio (the ninth cause of action). Finally, plaintiffs assert claims against Greenwich and St. Paul (the eleventh cause of action).

Supreme Court granted the motion of NAP and Panagio to dismiss the complaint to the extent of dismissing the causes of action for breach of contract, quantum meruit and unjust enrichment (i.e., the first, second and fourth causes of action), indicating that it was constrained to do so by *Gonzalez v D&S Zaffuto Joint Venture* (271 AD2d 356 [2000]). In *Gonzalez*, this Court affirmed the dismissal of the plaintiff laborers' breach of contract claim on the ground that "no private right of action exists to enforce contracts requiring payment of Federal Davis-Bacon Act . . . prevailing wages," and dismissal of a quantum meruit cause of action on the ground that it was "an indirect attempt to privately enforce the Federal prevailing wage schedules" (*id.*). Supreme Court upheld the fifth, sixth and tenth causes of action against NAP, rejecting NAP's contentions that these causes of action under New York Labor Law and FLSA similarly were preempted by, or were impermissible attempts to circumvent, the Davis-Bacon Act. As for the remaining causes of action, Supreme Court noted that the parties had not addressed the seventh and ninth causes of action against Panagio and that it, accordingly, would not address them, either. The court made no mention of the third cause of action against NAP or the eighth cause of action against Panagio. As for the eleventh cause of action, Supreme Court simply noted that this claim against the sureties was "limited to the causes of action remaining in this action."

On this appeal by NAP alone, we are informed by NAP—and plaintiffs do not dispute—that by a stipulation entered into after Supreme Court's decision, plaintiffs agreed to "withdraw" the third, fifth and ninth causes of action. Although NAP seeks on this appeal dismissal of all the remaining causes of action (the sixth, seventh, eighth, tenth and eleventh causes of action), it has no standing to seek dismissal of the seventh and eighth causes of action against Panagio or the eleventh cause of action against St. Paul and Greenwich (*cf. Matter of Burke v Bowen*, 40 NY2d 264 [1976]; *Biyal v City of New York*, 56 AD2d 770 [1977]). Thus, the question on this appeal is whether the sixth and tenth causes of action against NAP alleging violations of the Labor Law and 12 NYCRR 142-3.2 for the wages, overtime compensation, benefits and wage supplements, should have been dis-

missed. NAP's only challenge to these causes of action is that they are preempted by or inconsistent with federal law. Accordingly, we assume without deciding that valid state law claims for the relief sought are asserted and address only NAP's arguments based on federal law. NAP argues with considerable force that this appeal is controlled by our decision in *Gonzalez (supra)*. Specifically, NAP maintains that the causes of action based on New York statutes and regulations should be dismissed for the same reasons that the common-law causes of action were dismissed in *Gonzalez* and now this action as well. That is, because "no private right of action exists to enforce contracts requiring payment of Federal Davis-Bacon Act . . . prevailing wages" (271 AD2d at 356), and the subject statutory causes of action, no less than the common-law claims, are "an indirect attempt to privately enforce the Federal prevailing wage schedules" (*id.*). We reject this argument because we believe that *Gonzalez* was not correctly decided and we respectfully decline to follow it.

Although the dismissal in *Gonzalez* of the claims brought by the plaintiff laborers as third-party beneficiaries of the contracts requiring payment of prevailing wages appears to be at odds with precedents of the Court of Appeals (*see e.g. Fata v S.A. Healy Co.*, 289 NY 401 [1943]; *Strong v American Fence Constr. Co.*, 245 NY 48 [1927]), the holding in *Gonzalez* rests on an issue of federal law. Specifically, *Gonzalez* held that the Davis-Bacon Act bars the assertion of the common-law claims as an impermissible "indirect attempt to privately enforce the Federal prevailing wage schedules" (*Gonzalez*, 271 AD2d at 356). Indeed, after our decision in *Gonzalez*, a panel of the Second Circuit reached the same conclusion in *Grochowski v Phoenix Constr.* (318 F3d 80, 85-86 [2003]). For the reasons stated by Judge Lynch in his dissenting opinion (*id.* at 89-91), however, we are persuaded that this conclusion is erroneous and that the Davis-Bacon Act neither preempts nor otherwise precludes state law causes of action, be they common-law or statutory, seeking payment of the very wages the Davis-Bacon Act requires.

The only other contention advanced by NAP that is independent of its position concerning the scope and effect of the Davis-Bacon Act merits little discussion. Contrary to NAP's contention, and as Supreme Court recognized, the regulations of the Department of Housing and Urban Development upon which it relies have no applicability here. Plaintiffs are seeking under state law a wage that is equal to, not greater than, the federal prevailing wage (*see Grochowski*, 318 F3d at 91 n 3 [Lynch, J., dissenting]). Finally, whether plaintiffs have an administrative

remedy under the Davis-Bacon Act that they have failed to exhaust is a matter we need not address. Given our agreement with Judge Lynch that the Davis-Bacon Act neither preempts nor otherwise precludes the state law causes of action, the authority of the plaintiffs to pursue their state law remedies would be unaffected even if they enjoy and have not exhausted administrative remedies under the Davis-Bacon Act.

As plaintiffs did not appeal from the dismissal of their breach of contract and other common-law claims and we are barred under these circumstances from granting relief to nonappealing parties (*see Hecht v City of New York*, 60 NY2d 57 [1983]), we do no more than affirm those portions of the order from which NAP appeals. Concur—Sullivan, J.P., Buckley, Catterson and McGuire, JJ.

Williams, J., concurs in part and dissents in part in a memorandum as follows: While I concur in the result reached by the majority insofar as it affirms the dismissal of three of plaintiffs' common-law causes of action (the first, second and fourth, sounding in breach of contract, quantum meruit and unjust enrichment, respectively), finds that defendant NAP Construction has no standing to seek dismissal of the seventh, eighth and eleventh causes of action (brought against defendant Panagio and the surety defendants, respectively), and finds that plaintiff withdrew the third, fifth and ninth causes of action, I disagree with its rationale as regards *Gonzalez v D&S Zaffuto Joint Venture* (271 AD2d 356 [2000]). In my view, *Gonzalez* and *Araujo v Tiano's Constr. Corp.* (40 AD3d 458 [2007] [decided herewith]) correctly hold that a private right of action does not exist to enforce, directly or indirectly, contracts requiring payment of Davis-Bacon Act prevailing wages. Consequently, I would modify to the extent of dismissing the remaining (sixth and tenth) causes of action.