(October 24, 2013)

■ ROBERT BANUSHI, Appellant, v LAW OFFICE OF SCOTT W. EPSTEIN et al., Respondents. [973 NYS2d 198]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 18, 2012, which granted defendants' motion for summary judgment dismissing the complaint and for an order enjoining plaintiff from commencing any further actions or making any motions against them without prior court approval, unless he is represented by counsel, and denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.

Notwithstanding the public policy requiring free access to the courts, the motion court's order barring plaintiff from initiating further litigation or motion practice against defendants without prior court approval unless he is represented by counsel was justified by plaintiff's continuous and vexatious litigation against defendants (*Matter of Robert v O'Meara*, 28 AD3d 567 [2d Dept 2006], *lv denied* 7 NY3d 716 [2006]; *Capogrosso v Kansas*, 60 AD3d 522 [1st Dept 2009], *cert denied* 568 US —,

133 S Ct 278 [2012]; *see also Melnitzky v Apple Bank for Sav.*, 19 AD3d 252, 253 [1st Dept 2005]). Among other things, in addition to the instant action, plaintiff filed a lawsuit in state court and a lawsuit in federal court and a counterclaim in a third suit, as well as a disciplinary complaint, all alleging legal malpractice based on the same sparse allegations, and all unavailing.

Contrary to plaintiff's contentions, the order is not overly broad; it granted the part of defendants' motion that sought injunctive relief only as to litigation against them.

While defendants, in their appellate brief, request a modification to require court approval even if plaintiff is represented by counsel, and indeed requested such relief from the Supreme Court, we are precluded from granting affirmative relief to a nonappealing party (*see Cox v NAP Constr. Co., Inc.*, 40 AD3d 459, 462 [2007], citing *Hecht v City of New York*, 60 NY2d 57 [1983]; *Sharp v Stavisky*, 221 AD2d 216, 217 [1995]).

The motion court properly denied plaintiff's cross motion to amend the complaint to include additional allegations that defendants produced a forged retainer agreement in connection with their representation of him in the underlying assault case. Plaintiff acknowledged that an attorney-client relationship existed and failed to state how the forged retainer differed from the purportedly valid signed retainer. He further failed to allege the elements of fraud (*see J.A.O. Acquisition Corp. v Stavitsky*, 18 AD3d 389 [1st Dept 2005]). Moreover, the motion court correctly held that plaintiff's breach of contract and legal malpractice claims were barred by the applicable statutes of limitations, res judicata, and collateral estoppel, and plaintiff's additional allegations would not alter that determination. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.