## James N. Karas Revocable Trust v Hoppe

2025 NY Slip Op 31977(U)

June 3, 2025

Supreme Court, New York County

Docket Number: Index No. 155154/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**    PART    **33M**

*Justice*

-----------------------------------------------------------------------X

THE JAMES N. KARAS REVOCABLE TRUST, WILLIAM
BLAKE HOLDINGS, LLC, and WHITNEY LASKY

Plaintiff,

- v -

GORDON HOPPE, and GIBSON & DEHN, LLC,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155154/2024 |
| MOTION DATE | 08/01/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                     DISMISSAL                     .

Upon the foregoing documents, and after oral argument, which took place on April 8, 2025, where Jackson S. Davis, Esq. appeared for Plaintiffs the James N. Karas Revocable Trust ("Karas Revocable Trust"), William Blake Holdings, LLC ("Blake Holdings"), and Whitney Laskey ("Ms. Laskey"), (collectively "Plaintiffs") and Eric W. Penzer, Esq. appeared for Defendant Gordon Hoppe ("Mr. Hoppe") and nobody appeared for Gibson & Dehn, LLC, ("Gibson & Dehn") (collectively "Defendants"), Mr. Hoppe's motion to dismiss Plaintiff's Complaint, or alternatively to stay the first and second cause of action pending a Surrogate's Court proceeding, or removing the first and second causes of action to Surrogate's Court, is granted in part and denied in part.

## I.    Background

As alleged in the Complaint, Gibson & Dehn is a manufacturer and seller of various candles, soaps, and lotions. Non-party Michael Dean Breault ("Mr. Breault") was the former president and controlling member of Gibson & Dehn and the former spouse of Mr. Hoppe. Ms. Lasky owns Blake Holdings, while non-party James N. Karas ("Mr. Karas") is the settlor of the

155154/2024   THE JAMES N. KARAS REVOCABLE TRUST ET AL vs. HOPPE, GORDON ET AL          Page 1 of 5
Motion No.  001

1 of 5

Karas Revocable Trust and a former friend and business acquaintance of Mr. Breault. On October 7, 2021, Blake Holdings and the Karas Revocable Trust each entered convertible note agreements with Gibson & Dehn and loaned it $300,000.00 for purposes of expanding Gibson & Dehn's business. After the loan was made, Lasky was hired as Gibson & Dehn's Chief Marketing Officer in December 2021. Once hired, Lasky realized Gibson & Dehn had cashflow issues and deferred her salary, while also spending $100,000 of her own money on marketing, which Mr. Breault allegedly promised would be reimbursed.

In an April 21, 2022 conference call, Mr. Breault revealed to Plaintiffs that G&D was out of money and would be bankrupt by June 1, 2022. After this, Plaintiffs allegedly investigated the companies' finances and learned that business funds were being used to support Breault and Hoppe's lifestyle. On May 22, 2022, Breault allegedly tried to convince Hoppe to return the funds, but Hoppe refused. Two days later, Breault committed suicide. On January 5, 2023, Hoppe allegedly sold Breault's interest in Gibson & Dehn to a company called Color Art, and the convertible promissory notes signed by Plaintiffs were converted to equity with no notice to Plaintiffs. Plaintiffs now sue for fraudulent inducement, breach of contract, and wage theft pursuant to the New York Labor Law against Gibson & Dehn, and unjust enrichment against both Hoppe, and Gibson & Dehn. Hoppe moves to dismiss, or to sever and transfer the first two causes of action to Surrogate's Court, or to stay prosecution of the first and second cause of action until a parallel Surrogate's Court action is resolved. Plaintiffs oppose.

## II.    Discussion

Hoppe's motion to dismiss Plaintiffs' Complaint pursuant to CPLR 3211(a)(4) is granted in part and denied in part. As a preliminary matter, there is only one cause of action asserted against Mr. Hoppe, which is the second cause of action alleging unjust enrichment against him. All other

155154/2024   THE JAMES N. KARAS REVOCABLE TRUST ET AL vs. HOPPE, GORDON ET AL          Page 2 of 5
Motion No. 001

2 of 5

causes of action are against Gibson & Dehn, which has not appeared in this action. Therefore, to the extent Mr. Hoppe seeks dismissal of claims asserted against Gibson & Dehn, this is improper, because a party lacks standing to dismiss claims not asserted against it (*Cox v NAP Const. Co., Inc.*, 40 AD3d 459, 460 [1st Dept 2007]; *see also 374-76 Prospect Place Tenants Association, Inc. v City of New York*, 231 AD3d 911, 914 [2d Dept 2024]).

However, dismissal of the unjust enrichment claim asserted against Hoppe is warranted under CPLR 3211(a)(4). CPLR 3211(a)(4) provides the Court with wide discretion to dismiss an action "on the ground that another action is pending between the same parties" and arises "out of the same subject matter or series of alleged wrongs" (*Shah v RBC Capital Markets LLC*, 115 AD3d 444 [1st Dept 2014]). "It is inconsequential that different legal theories or claims are set forth in the two actions" (*id.* citing *Whitney v Whitney*, 57 NY2d 731 [1982] *see also Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]). Dismissal is also proper under CPLR 3211(a)(4) to avoid conflicting rulings (*Eurotech Const. Corp. v Illinois National Insurance Co.*, 187 AD3d 664 [1st Dept 2020]). Although parties might be technically distinct, the Court is granted discretion to find that the parties have "substantially similar identities" for purposes of a CPLR 3211(a)(4) motion to dismiss (*Syncora, supra*).

The parties represent that there is a pending Surrogate's Court action captioned *Proceeding by Gordon H. Hoppe, as Executor of the Estate of Michael Dehn Breault, Deceased, Pursuant to SCPA § 1809, to Determine the Validity of the Claim of Barbara Young, William Blake Holdings, LLC and the James N. Karas Revocable Trust*, File No. 2022-3281/A (Surrogate's Court, Suffolk County). In that action, Plaintiffs seek to recover the same damages from Breault's estate for the alleged fraud that forms the basis of what they seek to recover against Mr. Hoppe for unjust

**155154/2024 THE JAMES N. KARAS REVOCABLE TRUST ET AL vs. HOPPE, GORDON ET AL** **Page 3 of 5**
Motion No. 001

3 of 5

enrichment. In this case, Plaintiffs seek $600,000 in unjust enrichment against Mr. Hoppe, while in the Surrogate Court case, they seek $600,000 for alleged fraud against Mr. Breault's estate.

The parties are identical for purposes of CPLR 3211(a)(4). Although here Mr. Hoppe is sued individually, while in the Surrogate's Court proceeding, he is the Executor of Mr. Breault's estate, to find that the parties are distinct would-be putting form over substance. Mr. Hoppe is the sole distributee of Mr. Breault's estate. Thus, any finding in favor of Plaintiffs in the Surrogate Court case would be duplicative of any finding in their favor and against Mr. Hoppe in this case. Moreover, there is no dispute that the Plaintiffs are parties in the Surrogate Court's proceeding.[1] Further, the Surrogate Court's proceeding was filed prior to this action. Therefore, to avoid duplicate or inconsistent rulings, and in the interest of preserving judicial resources, the second cause of action against Mr. Hoppe is dismissed pursuant to CPLR 3211(a)(4). The Surrogate Court's determination regarding Plaintiffs' entitlement to the $600,000 in loaned funds from Mr. Breault's estate will necessarily determine whether Mr. Hoppe was unjustly enriched by the $600,000 in loaned funds – and since Mr. Hoppe is the sole distributee of Mr. Breault's estate, any recovery from the estate is necessarily a recovery from Mr. Hoppe.

Because the second cause of action is dismissed against Mr. Hoppe, his motion to dismiss the second cause of action pursuant to CPLR 3211(a)(7), his request to transfer the second cause of action to Surrogate's Court, and his request to stay the second cause of action pending resolution of the Surrogate's Court action is denied as academic. Moreover, as the first cause of action is not asserted against Mr. Hoppe, he does not have standing to request the Court stay prosecution of the first cause of action, asserted only against Gibson & Dehn, nor does he have standing to request the first cause of action be transferred to Surrogate's Court.

---

[1] Although Ms. Lasky is not a party to the Surrogate's Court proceeding, her company, William Blake Holdings is – moreover Ms. Lasky's personal claims are all asserted against Gibson & Dehn, not Mr. Hoppe.

**155154/2024   THE JAMES N. KARAS REVOCABLE TRUST ET AL vs. HOPPE, GORDON ET AL          Page 4 of 5**
**Motion No. 001**

Accordingly, it is hereby,

ORDERED that Defendant Gordon Hoppe's motion is granted solely to the extent that the second cause of action asserted against him is dismissed pursuant to CPLR 3211(a)(4); and it is further

ORDERED that Defendant Gordon Hoppe's motion is otherwise denied; and it is further

ORDERED that within sixty days of entry, if Defendant Gibson & Dehn still has not appeared, Plaintiffs shall notify the Court of their intention to either move for default judgment or voluntarily discontinue this action; and it is further

ORDERED that within ten days of entry, counsel for Defendant Gordon Hoppe shall serve a copy of this Decision and Order, with notice of entry, on Plaintiffs via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/3/2025 | _Mary V Rosad JSC_ |
|----------|---------------------|
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|--------|---|-----------------------|---|-------|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155154/2024   THE JAMES N. KARAS REVOCABLE TRUST ET AL vs. HOPPE, GORDON ET AL**      Page 5 of 5
**Motion No.  001**

5 of 5

[* 5]